Case 5:26-cv-00117   Document 4   Filed 01/28/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **JULIO CESAR CRUZ HERNANDEZ,** | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 5:26-CV-00117 |
| **PAMELA JO BONDI,** *et al.*, | § § § | |
| Respondents. | § | |

### ORDER

Pending before the Court is Julio Cesar Cruz Hernandez ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1). Petitioner lists the following as respondents in their official capacities: Secretary of the Department of Homeland Security Kristi Noem; United States Attorney General Pamela Bondi; Field Office Director of Enforcement and Removal Operations, Harlingen Office, Immigration and Customs Enforcement, Miguel Vergara; Department of Homeland Security; Executive Office of Immigration Review; and Warden of the Webb County Detention Center. (Dkt. 1 at 1.)

Petitioner is **ORDERED** to submit proof of service to the named Respondents by registered or certified mail pursuant to Federal Rule of Civil Procedure 4(i) by **February 2, 2026**.

Having reviewed the Petition, Respondents are hereby **ORDERED** to show cause and submit a response to the Habeas Petition, (Dkt. 1) and serve it on Petitioner no later than **February 4, 2026,** which is between the three-to-twenty-day time period contemplated by 28 U.S.C. § 2243. The Court advises the Respondents that if no response is received, the Court may treat the petition

as unopposed. Petitioner is **ORDERED** to submit a reply to Respondents Response on or before **February 9, 2026**.

Additionally, on November 25, 2025, the Central District of California certified a national class in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025):

> **Bond Eligible** Class: All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Maldonado Bautista*, 2025 WL 3288403, at *1. The Central District of California extended to the Bond Eligible Class as a whole the declaratory relief it had previously granted: that the Department of Homeland Security Policy of mandatory detention for all applicants for admission under § 1225 is unlawful. *Maldonado Bautista*, 2025 WL 3288403, at *9. On December 18, 2025, the *Maldonado Bautista* court entered a final judgment. *Maldonado Bautista et al v. Santacruz*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). The declaratory judgment held that the Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and thus may not be denied consideration for release on bond under § 1225(b)(2)(A). *Id*. In light of this development, the Court hereby **ORDERS** the Parties to address in their response and reply briefing: (1) whether Petitioner is a member of the nationally certified Bond Eligible Class; and (2) what affect if any the declaratory relief granted in *Maldonado Bautista v. Santacruz* has on Petitioner's claims before the Court.

The Clerk of Court is also **DIRECTED** to serve a copy of the Petition, (Dkt. 1), and this Order via certified mail on the United States Attorney for the Southern District of Texas Nicholas J. Ganjei at:

> **Nicholas J. Ganjei**
> **1000 Louisiana St.,**

**Suite 2300,
Houston, Texas 77002**

The Clerk is also **DIRECTED** to serve a copy of the Petition, (Dkt. 1), and this Order via certified mail on the United States Attorney's Office in Laredo at:

**United States Attorney's Office
11204 McPherson Road, Suite 100A
Laredo, Texas 78045**

The Clerk is also **DIRECTED** to e-mail a copy of the Petition, (Dkt. 1), and this Order to the following email addresses: usatxs.civilnotice@usdoj.gov as well as Daniel.Hu@usdoj.gov and Hector.Ramirez@usdoj.gov.

Additionally, in order to maintain the status quo while the Court considers Petitioner's habeas petition and to preserve this Court's jurisdiction, it is further **ORDERED** that Respondents may not transfer Petitioner outside of this Court's jurisdiction while the matter remains pending. *See Alves v. U.S. Dep't of Just.*, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

IT IS SO ORDERED.

SIGNED this January 28, 2026.

Diana Saldaña
United States District Judge