United States District Court
Southern District of Texas
**ENTERED**
February 05, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **JULIO CESAR CRUZ HERNANDEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00117** |
| | § | |
| **PAMELA JO BONDI,** *et al.,* | § | |
| | § | |
| **Respondents.** | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Petitioner Julio Cesar Cruz Hernandez ("Petitioner") Petition for Writ of Habeas Corpus, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS) and seeking to enforce his rights as a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.).

Petitioner filed his Petition for Writ of Habeas Corpus on January 27, 2026. (Dkt. 1.) The issue presented in Petitioner's petition is principally one of statutory interpretation: whether Petitioner is properly subject to immigration detention under 8 U.S.C. § 1225(b)(2), which allows for mandatory detention during removal proceedings, or whether he is instead detained under 8 U.S.C. § 1226(a), which provides for discretionary detention and a possibility for his release from custody on bond. Petitioner claims that he is being unlawfully detained pursuant to mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of the Immigration and Nationality Act (INA), and the Central District of California's judgment in *Maldonado Bautista*. (Dkt. 1 at 8–10.) He asks the Court to declare that his detention under 8 U.S.C. § 1225(b) is unlawful and either order his

immediate release or order that a neutral and impartial adjudicator conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). (*Id*. at 10.)

On November 25, 2025, the Central District of California certified a national class in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) pertaining to this very issue:

> **Bond Eligible** Class: All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Maldonado Bautista*, 2025 WL 3288403, at *1. Prior to granting class certification, the Central District of California granted partial summary judgment on the named petitioners' claims, holding that the government's interpretation of the Immigration and Nationality Act (INA) was unlawful in so far as it subjected petitioners to mandatory detention under § 1225(b)(2) rather than § 1226(a). Several days later, the court expressly "extend[ed] the same declaratory relief granted to [individual] Petitioners to the Bond Eligible Class as a whole." *Maldonado Bautista*, 2025 WL 3288403, at *9.

On December 18, 2025, the Central District of California clarified its prior order and entered a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure, holding that "Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)." *Maldonado Bautista v. Santacruz*, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). A final judgment in a class action is binding on all class members in subsequent decisions under the basic principles of res judicata and collateral estoppel. *Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 874 (1984) ("A judgment in favor of either

side is conclusive in a subsequent action between them on any issue actually litigated and determined, if its determination was essential to that judgment").

The Court ordered briefing from the Respondents to address whether Petitioner is a member of the certified class. (Dkt. 4.) Petitioner asserts that he is a member of the bond eligible class as he does not have lawful status, is currently detained at Webb County Detention Center after being re-apprehended on October 27, 2025, and he is not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. (Dkt. 1 at 2–3.)

Respondents assert that Petitioner is not a member of the Bond Eligible class "because he was apprehended upon his arrival to the United States." (Dkt. 10 at 6.) Although Petitioner was initially apprehended shortly after entering the United States, this most recent arrest and apprehension by ICE occurred within the interior of the United States after he had been residing in the United States for several years, complicating the question of whether he qualifies as a class member of the certified Bond Eligible Class.

Acknowledging this complexity, the Court will decline to resolve the issue of Petitioner's membership in the class based on his initial manner of entry in 2022 given that the Court finds that there are independent legal grounds upon which to grant relief. A statutory analysis of the relevant INA provisions dictates that Petitioner is not lawfully detained under 8 U.S.C. § 1225(b)(2).[1]

Respondents argue that the plain language reading of the relevant INA provisions, developments in agency interpretation, and persuasive decisions support a reading of § 1225(b)(2) rather than § 1226(a) as the appliable statutory authority for Petitioner's detention. (Dkt. 10 at 3–

---

[1] Even if Petitioner is not a class member, he can still bring his challenge through habeas. *C.f. Del Valle Castillo v. Wamsley*, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025) (holding that "the fact that Petitioners are not Bond Denial Class members does not prevent them from seeking habeas relief on similar legal grounds" for a similar group of noncitizens detained in Washington State who were most recently apprehended in the interior.)

6.) Respondents' arguments regarding statutory construction mirror those that this Court addressed previously in *Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025) and that numerous other courts across this district and across the country have considered. *See Buenrostro-Mendez v. Bondi*, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (collecting cases). As such, "[t]he Court need not repeat its analysis, especially where that analysis is consistent with 'the overwhelming majority' of courts to consider these issues in recent months." *Erazo Rojas v. Noem*, 2025 WL 3038262, at *1 (W.D. Tex. Oct. 30, 2025) (quoting *Buenrostro-Mendez*, 2025 WL 2886346, at *3).

Because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result as to the relevant detention authority in this case, the Court is unpersuaded to alter its prior position with respect to this issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has been residing in the United States, Petitioner cannot lawfully be detained under 8 U.S.C. § 1225(b)(2). This finding is based on the statutes' plain text, congressional intent, canons of statutory interpretation, legislative history, and longstanding agency practices. *See Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025); *see also Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1304 n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases).

Additionally, the court finds the appropriate remedy in this case is immediate release in accordance with the court's reasoning as set out in *Cruz-Reyes v. Bondi*, 5:26-cv-00060, Dkt. No. 20 (S.D. Tex. Feb. 3, 2026).

## **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is GRANTED IN PART. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative for Summary Judgment, (Dkt. 10), is DENIED.

1.  Respondents are ORDERED to RELEASE Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.  Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release no less than three hours prior to Petitioner's release from custody.

3.  If Petitioner is re-detained, all applicable regulations and procedures must be followed, including that Petitioner be afforded a bond hearing pursuant to 8 U.S.C. § 1226(a).

4.  Within two weeks of the date of this Order, the parties shall FILE advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

IT IS SO ORDERED.

SIGNED this February 5, 2026.

Diana Saldaña
United States District Judge